**Patricia D. ERICSON and David Ericson, Plaintiffs-Appellants,**

v.

**Patricia Taylor WALP, Defendant-Appellee.**

Supreme Court of Delaware.

Submitted: June 17, 1986.

Decided: July 2, 1986.

Kenneth M. Roseman of Ciconte and Roseman, Wilmington, for plaintiffs-appellants.

Mason E. Turner, Jr. of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for defendant-appellee.

Before CHRISTIE, C.J., McNEILLY and HORSEY, JJ.

PER CURIAM:

The plaintiffs, Patricia D. and David Ericson, appeal from a final judgment in Superior Court following a jury verdict for the defendant. Plaintiffs assert as error the Trial Court's denial of their request to exercise a peremptory challenge during jury selection in a civil trial after their attorney had announced three times that they were "content" with the panel.

As support for their position that they should be entitled to challenge a newly-drawn juror, plaintiffs rely on this Court's ruling in *Le Gro v. Moore*, Del.Supr., 138 A.2d 644 (1958). Close analysis of that opinion, however, reveals plaintiffs' reliance to be misplaced.

In *Le Gro, supra*, the narrow question presented was whether plaintiff could, after "consenting" to the existing panel of jurors, exercise a peremptory challenge after a substitute juror had been drawn, not against the newly-drawn juror, but against a juror seated at the time plaintiff announced he was "content." 138 A.2d at 645. In affirming the Superior Court's refusal, this Court ruled in *Le Gro* that a remaining challenge could be exercised *but only* against the newly-drawn juror. *Id.* at 648.

The facts here raise a different question. Jury selection took place as follows: Twelve people were selected to serve on the panel. The plaintiffs announced they were "content" with the panel. Defendant struck one member of the panel and that member was replaced. For the second time, plaintiffs announced they were "content" with the panel. Defendant struck another member of the panel and again

that member was replaced. For the third time, the plaintiffs announced they were "content" with the panel. After the defendant struck a third member of the panel and he was replaced, the clerk stated that the parties had exhausted their challenges. Plaintiffs then sought to strike the newly-selected juror. The Trial Judge ruled that they had exhausted their challenges, and the plaintiffs noted an exception which is the basis of this appeal.

In *Le Gro, supra*, the question was not whether plaintiffs had exhausted their allotted challenges and therefore were barred from exercising the contested challenge. Here, however, the question is whether plaintiffs had exhausted their three allotted challenges by three times stating that they were content with the jury panel. Stated more precisely, the issue is whether a waiver of an opportunity to exercise a peremptory challenge (by a statement of "content") constitutes an exercise of the challenge conferred by 10 *Del. C.* § 4510.[1] We rule that it does.

This is the well-settled practice in Superior Court. When an opportunity is afforded a party to exercise a peremptory challenge, a statement of "content" has the same effect as an affirmative exercise of the statutory right; and whether exercised or waived, the right has been tendered and expended. To adopt plaintiffs' position, that a challenge not exercised is preserved, would permit the stockpiling of challenges and would disturb the sequence of the traditional rotation whereby plaintiff has the first challenge and defendant, the last. *See Smith v. Day*, Del.Super., 45 A. 396 (1899).

In sum, the Trial Court simply adhered to its normal practice and committed neither error of law nor abuse of discretion.

---

1. 10 *Del.C.* § 4510 provides in part:
   § 4510 Challenges.
   In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly.

Accordingly, the decision of the Superior Court is hereby

AFFIRMED.